UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.

STRYKER SALES CORPORATION,
STRYKER BIOTECH, L.L.C., STRYKER
CORPORATION, JOHN DOES 1–10, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.
_____/

CASE NO. 1:12-CV-729

HON. ROBERT J. JONKER

## ORDER GRANTING 60-DAY EXTENSION
## TO COMPILE SUBSCRIBER LIST

This is a civil action for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  On February 20, 2014, this Court issued an order regarding class notice, setting a deadline of May 20, 2014 for Plaintiff to compile and file a list of subscriber names and addresses.  (Docket #120.)  Plaintiff now seeks a 90-day extension to finalize the subscriber list. (Docket #148.) Defendant opposes the extension.  After careful review of the relevant record, and for the reasons set forth below, the Court will grant Plaintiff a 60-day extension.

Plaintiff has worked diligently to obtain subscriber information according to the plan it represented to the Court.  (Docket #100, Page ID 3921.)  Despite Plaintiff's persistent efforts, it has been unable to obtain the historical subscriber data within the 90-day window.  Plaintiff credibly represents that its need for an extension is largely due to factors beyond its control.

The same day that the Court entered an order requiring subscriber information, Plaintiff subpoenaed Neustar, Inc. for a list of telephone carriers associated with the fax numbers at issue in this case.  (Docket #149, Page ID 5956.)  Neustar provided Plaintiff carrier information for 3,875 of the 8,065 fax numbers.  (*Id.*)  However, Neustar informed Plaintiff that because 4,190 telephone

numbers had changed carriers, Neustar was "contractually obligated" to inform carriers of Neustar's "intent to provide the information pursuant to the subpoena and allow them the opportunity to object." (*Id.* at 5957, 5973.) Plaintiff's counsel has previously subpoenaed Neustar in other cases and has received "complete carrier information for all phone numbers" in two to three weeks. (*Id.* at 5957.) However, it appears that the size of Plaintiff's current request for information is larger than prior requests and therefore takes Neustar more time to process. (*See id.*) On March 21, 2014, Neustar provided Plaintiff carrier information for 2,346 fax numbers, leaving 1,844 numbers outstanding. (*Id.*) Neustar provided an additional 1,773 numbers over the course of two additional responses.

On April 15, 2014, Plaintiff issued subpoenas to 101 different carriers for historical subscriber data. Many carriers were local telephone carriers with whom Plaintiff had not previously worked, including some that required technical corrections to subpoenas (e.g. identifying a carrier as TelePacific Communications Corporation as opposed to U.S. TelePacific Corp). Some carriers required a specific court order before releasing subscriber information. On April 30, 2014, Plaintiff filed a motion for a court order for third-party discovery. (Docket #138.) The Court entered an order on May 6, 2014. (Docket #143.) Following the order, Plaintiff contacted the carriers that required a court order to obtain additional subscriber information and made significant progress by the May 20, 2014 deadline. To date, Plaintiff has issued and served 120 subpoenas and has compiled much of the data anticipated. (Docket #149, Page ID 5960.) In short, Plaintiff has made diligent efforts to comply with the Court's order and good cause exists to extend the deadline. A 60-day extension is appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion (Docket #148) is **GRANTED** to the extent that the deadline for compiling historical subscriber data is extended to <u>**July 20, 2014**</u>.

It is so ordered.


Dated:  June 6, 2014                                          /s/ Robert J. Jonker
                                                                                   ROBERT J. JONKER
                                                               UNITED STATES DISTRICT JUDGE