IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons,

        Plaintiff,

v.

STRYKER SALES CORPORATION, STRYKER BIOTECH L.L.C., STRYKER CORPORATION, HOWMEDICA OSTEONICS CORP., and JOHN DOES 1-10,

        Defendants.

No. 1:12-cv-00729-RJJ

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO AMEND CLASS DEFINITION**

Plaintiff, Physicians Healthsource, Inc., individually and as the representative of the certified Class, submits this response to the Motion of Howmedica Osteonics Corp., Stryker Sales Corporation, Stryker Biotech LLC, and Stryker Corporation (collectively, "Defendants" or "Stryker") to modify the class definition or, in the alternative, for leave to file summary judgment motion as to certain subscribers. (Doc. 161, 162).

### Introduction

On December 11, 2013, the Court entered an order certifying the following class:

> All persons who: (1) on or after four years prior to the filing of this action; (2) were subscribers of a fax number that received; (3) a fax invitation to attend a presentation for primary care physicians on advancements in orthopaedics, arthritis, joint replacement, or joint treatment options, (4) received from one or more of Defendants; (5) and which did not display a proper opt-out notice.

(Doc. 88 at 9).

Stryker now seeks to amend the class definition to exclude Stryker employees, contractors, and agents as well as governmental entities that were sent faxes by Stryker. (Stryker Mem. at 1).

Stryker asserts that more than 300 faxes were sent to its own employees, contractors, and agents and that more than 420 faxes were sent to governmental entities. (*Id.*)

Plaintiff's Complaint expressly excluded from the Class "Defendants, their employees, agents and members of the Judiciary." (Compl., Doc. 1, at ¶ 20). The parties failed to address this issue in class certification briefing. Plaintiff does not object to amending the class definition to exclude Stryker's employees, contractors, and agents. Plaintiff does, however, object to excluding federal agencies and state and local governmental units from the class definition. There is no reason to do so—and Defendant has not established that it may speak for these entities in any event.

<u>Argument</u>

I.   **Governmental entities and educational institutions should not be excluded from the class.**

The TCPA allows provides any "person or entity" may bring a TCPA claim. 47 U.S.C. § 227(b)(3). Regarding "person," the TCPA itself does not define the term, but the Communication Act states that, "for purposes of this chapter," which includes the TCPA, "[t]he term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." 47 U.S.C. § 153(39). Although Plaintiff was unable to find any case deciding whether this definition covers governmental entities, following the most analogous cases, from the antitrust context, leads to all state and municipal entities being "persons," with only the United States being not a person.

The Sherman Act states the word "person . . . shall be deemed to include corporations and associations existing under or authorized by the laws of either the United States [or of States or foreign governments]." 15 U.S.C. § 7. The Supreme Court has held that, under this definition, "corporate or governmental status in most instances is not a bar to the imposition of liability on an entity as a 'person' under the Act." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744–45 (2004). It has also held the definition includes "state governmental bodies." *Id.* (citing *Georgia v. Evans*, 316 U.S. 159 (1942)); *see also Pfizer, Inc. v. Gov't of India*, 434 U.S. 308, 313 (1978) (holding

government of India was a "person" under antitrust laws in light of the "expansive remedial purpose" of those laws). Like the Sherman Act, the definition of "person" in the Communications Act merely states what is "included" and does not limit the definition or exclude states or municipalities. Further, even to the extent that these various agencies and municipal corporations are not "persons", they are certainly "entities." The term "entity" clearly includes governmental units. *See Seitz v. City of Elgin*, 719 F.3d 654, 657 (7th Cir. 2013) ("the plain meaning of entity includes governmental units") (citing Black's Law Dictionary (5th ed. 1979). *See also, e.g.,* 31 U.S.C. § 5312 (using "entity" and "governmental entity" interchangeably). Had Congress wished to exclude the United States from the commonly understood definition of the term "entity," it certainly could have done so. Counsel is unaware of any TCPA class action in which governmental persons or entities (other than members of the judiciary) were excluded, and Defendant has not identified any. Nor can Stryker point to any case in which a Court excluded governmental class members at the urging not of the government, but of the defendant.

The case that Stryker relies upon, *On the House Syndication, Inc. v. Federal Express Corp.*, Case No. 99-CV-1336-B (JFS) (S.D. Cal. May 8, 2002) (attached hereto as Exhibit 1), *see* Stryker Mem. at 9, 10, does not speak to this question. It is at most an example of a district court carving out *federal* agencies from a class bringing non-statutory claims *at the express urging of the United States Department of Justice*.

In *On the House Syndication*, a class action involving fraud and breach of contract, the trial court asked the Department of Justice ("DOJ") its position as to whether it was a class member. DOJ responded by letter stating that 28 U.S.C. § 516 and 519 prohibited the United States from being treated as a passive class member. (Doc. 162-2). The letter from DOJ is not binding and is, at most, persuasive authority. *Seneca-Cayuga Tribe of Oklahoma v. National Indian Gaming Com'n*, 327 F.3d 1019, 1042-43 (10th Cir. 2003).

Further, there has been no such position taken here; Stryker, perhaps tellingly, has not sought the government's views. It was only after DOJ had weighed in *On the House Syndication* and informed the court that "DOJ's position was it should be excluded from participation as a class member" that the court dismissed all federal entities from the plaintiff class. The appropriate federal personnel should be contacted, as in *On the House Syndication*, to see whether they wish to be a member of that class, rather than having the defendant decide this question for them through the instant Motion. This may be accomplished through appropriate provision of class notice.

In any event, nothing in *On the House Syndications* supports extending whatever exemption might be applicable to federal agencies under the federal code to non-federal governmental entities. To the contrary, the district court in *On the House Syndication* found that the class notices served in that case on "state, county, city, and other local government entities" were insufficient *not* because said entities were not properly included in the class, but because the notice was not served upon government representatives "with sufficient authority to make a binding decision to opt out" of the class action. *On the House Syndication*, Ex. 1, at 1. The district court stated:

> To be adequate, at the very least the notice should have been served upon government representatives with discretionary authority to make an opt-out determination; and the notice and the concomitant failure of the entity to return an opt-out card would have been an even more reliable indication of the government's intent to participate in this class action had the notice been served upon counsel for the government agency (e.g., the city attorney's office or the state attorney general).

*Id.* at 1, 2. The court noted that plaintiffs were given the opportunity to cure the defects in the notice or to dismiss the state and local governmental entities from the class and that the plaintiffs elected dismissal as to those entities. *Id.* at 2.

In other words, although certainly cognizant of DOJ's 2002 position regarding exclusion of the federal entities from the class claims in *On the House Syndication*, that court found that the issue as to state and local governmental entities was one of the propriety of class notice, and not an issue of standing or whether the state and local governmental entities could be part of the class.

4

Similarly, in *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 752 (Tex. 2003), a class action was brought on behalf of an alleged class of eighty south Texas cities for recovery of franchise fees allegedly owed to them. Certain cities that had been unable to opt out of the class (others were successful), appealed. One of the issues decided by the Texas Supreme Court was whether a city must hold an open meeting to authorize its attorney to opt out of a class action, with the court concluding a meeting was not required. *Id.* at 758. Again, as to local governments (cities), a class action plaintiff was permitted to file suit on behalf of other governmental entities, which then had the ability to opt out of the class action. Although the plaintiff in *Rio Grande* was also a city, the fact remains other municipalities were passive members in a class action and such representation was not prohibited based on standing. *See also Central Power & Light Co. v. City of San Juan*, 962 S.W.2d 602, 613 (Tex. Ct. App. 1998) (breach of contract and tort class action against power company regarding franchise agreements wherein also allowing municipalities to opt out of certified class).

In sum, Stryker has not shown that the governmental entities listed on Exhibit A are not permitted to be passive TCPA class members.[1] These entities suffered the same statutory damages as all other class members regarding receipt of illegal fax advertising. These entities should be permitted to receive class notice and determine for themselves whether they will opt out of the class, rather than Stryker preemptively making that choice for them by excluding them from the class definition.

**II.    Stryker should not be permitted to file a motion for summary judgment as to whether Federal or State and local entities should be permitted to be part of the class.**

In the alternative, Stryker seeks leave to file a motion for summary judgment as to whether federal, state and local governmental entities are part of the class. Plaintiff objects to such a filing. The issue presented in Stryker's motion is one of class definition, not Stryker's liability to these

---

[1] Nor has it delineated which entities are federal governmental entities and which are state entities.

members of the class for violation of the TCPA. Either these federal, state and local governmental entities are in the class, or they are not. The parties have already filed cross motions for summary judgment which are set to be argued before this Court on November 19, 2014. Allowing Stryker to file another motion for summary judgment will only serve to delay that proceeding. Moreover, it is unclear what arguments Stryker would present to the Court other than the arguments it has already made in this Motion. Stryker's request to file a motion for summary judgment as to class membership should be denied.

### Conclusion

WHEREFORE, for the reasons stated herein, Stryker's motion to amend the class definition to exclude federal state and local governmental entities should be denied, as should Stryker's request for leave to file a motion for summary judgment regarding same.

                                  Respectfully submitted,

                                  PHYSICIANS HEALTHSOURCE, INC.,
individually and as the representative of a class
of similarly-situated persons

                                  s/ Brian J. Wanca
One of the Attorneys for Plaintiff

Brian J. Wanca
Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Fax: 847/368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        s/ Brian J. Wanca