UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.

STRYKER SALES CORPORATION,
STRYKER BIOTECH, L.L.C., STRYKER
CORPORATION, JOHN DOES 1–10, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.
_____/

CASE NO. 1:12-CV-0729

HON. ROBERT J. JONKER

## **ORDER**

Before the Court is Defendants' Motion to Amend Class Definition (docket no. 161). Plaintiff Physicians Healthsource, Inc. ("PHI") brought this class action under the Telephone Consumer Protection Act ("TCPA"), arguing that Defendants the Stryker Entities sent unsolicited advertisements to numerous recipients in violation of the TCPA. This Court previously defined the applicable class as "All persons who: (1) on or after four years prior to the filing of this action, (2) were subscribers of a fax number that received, (3) a fax invitation to attend a presentation for primary care physicians on advancements in orthopedics, arthritis, joint replacement, or joint treatment options, (4) received from one or more of Defendants, and (5) that did not display a proper opt-out notice." (R. 88, Order at 9, PageID # 2360.)

Defendants the Stryker Entities note that as part of Plaintiff PHI's efforts to identify fax line subscribers, approximately 300 faxes were sent to (1) Defendants' employees, contractors, and agents; and approximately 420 faxes were sent to (2) federal, state, and local government entities,

including state universities, the Veterans Administration, other federal agencies, and state and city governments. (R. 162, Def. Br. at 1–2, PageID # 7196–97.) Defendants now move to exclude (1) Defendants' employees, contractors, and agents; and (2) federal, state, and local government entities. (R. 162, Def. Br. at 1, PageID # 7196.) According to Defendants, they cannot be held liable for these faxes, and so they request that these two groups of individuals be excluded from the class definition. (R. 162, Def. Br. at 1, PageID # 7196.) The parties agree that the class definition should be modified to exclude (1) Defendant's employees, contractors, and agents. (R. 162, Def. Br. at 3, PageID # 7198; R. 170, Pl. Br. at 2, PageID # 7240.) The parties disagree whether the class definition should be modified to exclude (2) federal, state, and local government entities.

Defendants rely on two arguments in support of their motion to exclude. Defendants' first argument is that government entities do not have cognizable claims. Under the TCPA, it is "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an *unsolicited advertisement*," unless one of the exceptions listed in the Act applies. 47 U.S.C.A. § 227(b)(1)(c) (emphasis added). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any *person* without that *person's* prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5) (emphasis added). The Communication Act, which includes the TCPA, states that the word "'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." *Id.* § 153. Whether excluding government entities from the class is appropriate depends on whether the definition of "person" also includes government agencies.

Defendants argue that the plain language of the statute—really, the definitions reproduced above—compels the conclusion that a "person" cannot include governmental entities. (R. 162, Def. Br. at 5, PageID # 7200.) Defendants note that government entities are not specifically listed as those groups included within the definition, and point to other statutory language to argue that the structure of the TCPA supports their interpretation. (R. 162, Def. Br. at 5, PageID # 7200.) For example, the TCPA prohibits making any call with a prerecorded voice to "any emergency telephone line," as opposed to making any call with a prerecorded voice to any person; arguably this is instructive because government entities often operate emergency telephone lines. *See* 47 U.S.C.A. § 227(b)(1)(A)(I). Furthermore, in other sections, the TCPA prohibits communication with "the called party" rather than "a person." *See id.* § 227(b)(1)(B). Defendants identify no case law addressing this issue, but point to the congressional findings accompanying the TCPA in which Congress focused its concerns on private individuals and businesses. *See* Telephone Consumer Protection Act of 1991, Pub. L. No. 102–243 (1991). Finally, Defendants point to the FCC regulations, which in the context of explaining that faxes must contain an opt-out requirement refer to "an individual or business," this provides further support for the contention that Congress was primarily concerned about disruptive communications to private actors and that governmental entities when enacting the TCPA. *See* 47 C.F.R. § 64.1200(a)(4)(iii)(E).

But the question of what primarily motivated Congress to pass the TCPA is a different question than whether Congress excluded government entities from the class of those who could recover under the TCPA. Plaintiff counters that the definition of "person" in the Communications Act merely states what is included, and does not necessarily limit the definition to only those listed terms (although Plaintiffs acknowledge that the "United States" is not a person). (R. 170, Pl. Br. at

2, PageID # 7240.) Plaintiff also observes that the TCPA's private right of action provision permits any "person or entity" to bring suit and seek recovery. (R. 170, Pl. Br. at 2, PageID # 7240.) Neither Plaintiff nor Defendants point to any case law directly on point, but Plaintiff refers by analogy to antitrust law, namely the Sherman Act. (R. 170, Pl. Br. at 2, PageID # 7240.) Of course, the Sherman Act defines the word "person" differently than does the TCPA; under the Sherman Act the word "person" includes "corporations and associations existing under or authorized by the laws of either the United States [or of States or foreign governments]." *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004) (quoting 15 U.S.C. § 7). But the Supreme Court's relatively light analysis—the Court stated simply that "[i]t follows then, that corporate or governmental status in most instances is not a bar to the imposition of liability on an entity as a 'person' under the Act"—serves as a guidepost on how to construe an open-ended definition of "person" here, particularly in light of the little case law on the topic. *See id.* at 744–45.

The Court finds that the TCPA's plain language counsels in favor of permitting government entities to bring suit, and that the accompanying legislative history does not dispel that conclusion. The Defendants' argument isolates a single statutory definition and it fails to make sense of other statutory passages which indicate that being a government entity is simply not a bar to recovery. As Plaintiffs correctly note, the TCPA explicitly provides that "a person *or entity* . . . may bring an action based on a violation[.]" 47 U.S.C.A. § 227(b)(3)(A). The best reading of the statute is that the portion describing the definition of "solicited advertisement" is intended to elucidate the meaning of that phrase, and that the portion outlining who may recover under the TCPA's private right of action is intended to identify who may bring suit. Reading the TCPA as a whole, rather than considering the definitions in isolation, supports this interpretation. Indeed, it is "unlawful . . . to

use any telephone facsimile machine . . . to send, *to a telephone facsimile machine*, an unsolicited advertisement;" Congress could have used more limiting language as to the recipient if it wished to do so. *Id.* § 227(b)(1)(c) (emphasis added).

Defendants second argument is that Plaintiffs lack the legal authority to pursue claims on behalf of government entities. (R. 162, Pl. Br. at 6, PageID # 7201.) As to the federal government agencies, Defendants state that the Constitution vests exclusive authority to control litigation in the U.S. government, and further states that Congress has codified this mandate in 28 U.S.C.A. § 516, which provides that "[e]xcept as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." To support its argument, Defendants cite a two-page, unpublished district court opinion in which federal government entities were excluded from a class; that case also involved a letter from the Department of Justice ("DOJ") stating the DOJ's position that the federal government should be excluded. *On the House Syndication, Inc. v. Federal Express Corp.*, Case No. 99-cv-1336-B (JFS) (S.D. Cal. May 8, 2002). Plaintiff counters that this case is only an example carving out federal agency liability at the DOJ's urging, at most persuasive authority, and that the "appropriate federal personnel should be contracted, as in *On the House Syndication*, to see whether they wish to be a member of that class . . ." (R. 170, Pl. Br. at 3–4, PageID # 7241–42.)

The Court sees no reason to amend the class definition to exclude federal agencies. Contacting the DOJ, as the parties did in *On the House Syndication*, permits the DOJ to determine whether it wishes to remain a part of the suit. Giving the DOJ this option allows the DOJ to choose whether it wishes to remain in the litigation or pursue another alternative; in other words, the

decision of how best to conduct the litigation would be "reserved" to the DOJ. *See* 28 U.S.C.A. § 516.

As to state and local government entities, Plaintiffs assert that "a full-blown analysis of each state's constitutional, statutory, and common law provisions would have to be made before [Plaintiff] PHI could claim to represent the interest of any state government entity" because the powers of the states' attorney generals vary by state. (R. 162, Pl. Br. at 8, PageID # 7203.) Plaintiffs note that the exclusion of state and local government entities in *On the House Syndication* resulted from impropriety of class notice, and cites *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 752 (Tex. 2003), for the proposition that a Plaintiff may file a class action on behalf of government entities such as cities when the entity had the ability to opt out of the class action. (R. 170, Pl. Br. at 5, PageID # 7243.) It may be so, as the Defendants claim, that select state constitutions, statutes, or common law will prevent Plaintiff from pursuing claims on their behalf without express consent, but the Court agrees with the Plaintiff that the issue presented in Defendants' motion is one of class definition, not liability. (R. 170, Pl. Br. at 5, PageID # 7244.) The Court similarly sees no reason to amend the class definition so as to exclude state government entities.

**IT IS ORDERED** that Defendants' Motion to Amend Class Definition (docket no. 161). is **GRANTED**.

**IT IS SO ORDERED**.

Dated:     December 12, 2014          /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          UNITED STATES DISTRICT JUDGE