UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYSICIANS HEALTHSOURCE, INC.,

    Plaintiff,

v.

STRYKER SALES CORPORATION,
STRYKER BIOTECH, L.L.C., STRYKER
CORPORATION, JOHN DOES 1–10, and
HOWMEDICA OSTEONICS CORP.,

    Defendants.
_____/

CASE NO. 1:12-CV-0729

HON. ROBERT J. JONKER

## FINAL APPROVAL ORDER AND JUDGMENT

    This case came before the Court for a fairness hearing of the proposed class action settlement on March 21, 2016, at 3:00 p.m., in Room 699, of the United States District Court for the Western District of Michigan, 399 Federal Building, 110 Michigan St. NW, Grand Rapids. The Court gave all parties and interested persons opportunity to be heard. Based on the submissions of the parties, the statements of counsel, the fairness of the settlement's terms, and for the reasons stated on the record, **IT IS ORDERED THAT**:

    1. This Court grants final approval of the Settlement Agreement, including, without limitation, the releases included in it, and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of all those affected by it. No timely objections were filed by class members. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2. The Court has jurisdiction over Plaintiff, Physicians Healthsource, Inc. ("Plaintiff"), the members of the Class, Defendants Stryker Sales Corp., Stryker Corporation, Stryker Biotech LLC, and Howmedica Osteonics Corp. ("Defendants"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, and that it was not collusive.

## Class Certification

4. On October 26, 2015, pursuant to Federal Rule of Civil Procedure 23, the Court entered an Order Preliminarily Approving Settlement and Certifying Settlement Class (doc. # 274) ("the "Preliminary Approval Order").

5. The Preliminary Approval Order certified the following class: "All persons who: (1) on or after four years prior to the filing of this action, (2) were subscribers of a fax number that received, (3) a fax invitation to attend a presentation for primary care physicians on advancements in orthopedics, arthritis, joint replacement, or joint treatment options, (4) received from one or more of Defendants, and (5) that did not display a proper opt-out notice." (the "Class"). Excluded from the Settlement Class are Defendants, along with their parents, subsidiaries, affiliates and controlled persons, including their officers, directors, agents, servants or employees, and the immediate family members of such persons, the named counsel in this Litigation (including any member of their office or firm, persons who have previously excluded themselves from the class, governmental entities, and the members of the federal judiciary).

6. The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorney Brian J. Wanca of Anderson + Wanca as Class Counsel.

### Class Notice

7. Plaintiff submitted the affidavit of Deborah McComb to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

8. No members of the Class filed objections to the settlement.

9. The following persons previously requested exclusion and are hereby excluded from the Class and this case: Roy L. Saenz and Akram Igmani Nawdarian.

### Class Compensation

10. Defendants agreed to make available for settlement a fund totaling $6,847,000.00 (the "Settlement Fund") and made it available to pay class member claims, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket litigation expenses. Unclaimed monies in the Settlement Fund will remain the property of Defendants.

11. As the Parties agreed in the Settlement Agreement, each member of the Class who submits a timely and valid Claim Form will be paid $500.00 per fax successfully sent to them as shown in the records produced to the parties, subject only to a pro rata reduction in the event that the claims and other payments approved herein otherwise would exceed the total Settlement Fund. The Settlement Administrator will cause those checks to be mailed after receiving the funds from

Defendants. As agreed between the parties, checks issued to the class members will be void 91 days after issuance. Any money remaining from checks issued to claiming class members but not cashed within 90 days of issuance shall revert to Defendants.

12. As of the date of the Fairness Hearing, 767 timely claims were submitted by class members. With 7,163 class members, this implies a response rate of 10.7%. This response rate was higher than the response rates in every other TCPA case in a sample reported to the Court. While 10.7% is obviously far short of a unanimous response from class members, it is a relatively high response rate for a class action of this type.

### Incentive Award, Attorneys' Fees, and Costs

13. The Court approves and awards a $15,000 incentive award to Plaintiff, Physicians Healthsource, Inc., for serving as the class representative in this matter. In accordance with the Settlement Agreement, Defendants will pay that amount from the Settlement Fund within ten (10) days of the Agreement's Effective Date.

14. The Court approves and awards attorneys' fees to Class Counsel in the amount of $1,711,750 plus out-of-pocket litigation expenses incurred in the litigation in the amount of $116,382. Defendants will pay those amounts from the Settlement Fund within ten (10) days of the Agreement's Effective Date.

15. The Court finds the incentive payment, attorneys' fees, and costs reasonable for reasons recited during the Fairness Hearing.

**Releases and Dismissal**

16. All claims or causes of action of any kind by Plaintiff and all Class members against the Defendants shall be forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement.

17. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

**Other Provisions**

18. The Court expressly adopts and incorporates all of the terms of the Settlement Agreement (doc. # 267-1) by reference here.

19. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, without limitation, their administration, implementation, interpretation, or enforcement.

20. The Parties to the Settlement Agreement shall carry out their respective obligations under it.

21. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED.**

Dated:  March 23, 2016         /s/ Robert J. Jonker
                               ROBERT J. JONKER
                               CHIEF UNITED STATES DISTRICT JUDGE